# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| DURANGO GEORGIA PAPER | ) | |
|    COMPANY, | ) | Number <u>04-2252</u> |
| DURANGO GEORGIA CONVERTING | ) | |
|    CORPORATION, and | ) | |
| DURANGO GEORGIA CONVERTING | ) | |
|    LLC | ) | |
| (Chapter 11 Case Number <u>02-21669</u>) | ) | |
| | ) | |
|                  *Debtor* | ) | |
| | ) | **FILED** |
| | ) | at _10_ O'clock & _29_ min _A_ M |
| DURANGO GEORGIA PAPER | ) | Date _1/12/06_ |
|    COMPANY, | ) | |
| DURANGO GEORGIA CONVERTING | ) | United States Bankruptcy Court |
|    CORPORATION, and | ) | Savannah, Georgia |
| DURANGO GEORGIA CONVERTING | ) | |
|    LLC, by and through | ) | |
| BRIDGE ASSOCIATES, LLC | ) | |
|    as Liquidating Trustee | ) | |
| | ) | |
|                  *Plaintiffs* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MILTON J. WOOD FIRE | ) | |
|    PROTECTION, INC. | ) | |
| | ) | |
|                  *Defendant* | ) | |

## **ORDER ON MOTION FOR RECONSIDERATION**

Pursuant to Federal Rule of Bankruptcy Procedure 3008, Milton J. Wood

Fire Protection, Inc. ("Milton Wood") has moved the Court to reconsider its Order on Motion for Summary Judgment entered on November 28, 2005 (the "Order"). In the Order, Milton Wood's claim was reclassified as an unsecured claim. In its motion, Milton Wood contends that the two appellate decisions on which the Court based the Order are factually distinguishable from the present matter. In particular, Milton Wood asserts that because the facts in Marietta Baptist Tabernacle v. Tomberlin Associates, Architects, Inc. (In re Marietta Baptist Tabernacle, Inc.), 576 F.2d 1237 (5th Cir. 1978) and WWG Industries, Inc. v. United Textiles, Inc. (In re WWG Industries, Inc.), 772 F.2d 810 (11th Cir. 1985) did not deal with the instituting of an action on a debt or the providing of notice of such an action, these two decisions are not binding precedent on this Court in the present matter.

Although it is correct about the factual distinction between those two appellate decisions and the present matter, Milton Wood fails to recognize the highly persuasive language of Marietta Baptist Tabernacle. In that case, the Fifth Circuit Court of Appeals[1] examined the requirements of the previous version of the Georgia Mechanic's and Materialmen's Liens Statute (the "Georgia Lien Statute") at Section 67-2002. The court noted that requirements to "make good" a lien under the previous Georgia Lien Statute included "commencing an action for recovery of the amount of the claim within twelve months from the time the claim becomes due." Marietta Baptist Tabernacle, 576 F.2d at

---

[1] The Eleventh Circuit Court of Appeals has adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

AO 72A
(Rev. 8/82)

2

1238. This is almost precisely the same language as the fourth requirement in the present version of the Georgia Lien Statute. *See* O.C.G.A. § 44-14-361.1(a)(3)("The commencement of an action for the recovery of the amount of the party's claim within 12 months from the time the same shall become due."). Furthermore, the court stated that "Georgia courts consistently have interpreted these statutory requirements as *being mere conditions precedent to the assertion of a lien*." Marietta Baptist Tabernacle, 576 F.2d at 1238 (emphasis added). After citing several Georgia Supreme Court and Court of Appeals cases to support this statement, the court again concluded that "Georgia courts construe their state's provisions for lien perfection as *merely the means to preserve a lien and not as a means to enforce a lien*." Id. at 1239 (emphasis added).

It seems clear that the court in Marietta Baptist Tabernacle encompassed all the provisions of Section 67-2002 in the rationale of its finding. In other words, while the precise issue in the case was the effect of the filing of a claim of lien, the court viewed the entire code section as indivisible when it held that Georgia courts had consistently interpreted "these statutory requirements" as being mere conditions precedent. Id. at 1238.

While the facts of Marietta Baptist Tabernacle and the present case may be distinguishable, the Court cannot escape this holding. The court in Marietta Baptist Tabernacle recognized that the instituting of an action to recover a debt was a requirement under the previous Georgia Lien Statute and still concluded that Georgia courts consider all its requirements to be "merely the means to preserve a lien and not as a means to enforce a

3

lien." Id. at 1239. Furthermore, Marietta Baptist Tabernacle served as the basis for the Eleventh Circuit Court of Appeals's decision in WWG. 772 F.2d at 813; *see also* In re Mikart, Inc., 9 B.R. 144, 147 (Bankr. N.D. Ga. 1981)(noting that in Marietta Baptist Tabernacle, the "Fifth Circuit interpreted Georgia's lien statute and determined that it does not provide for a means to enforce a lien; it merely provides a way to preserve a lien"). This language makes clear that the fulfillment of the requirements of the Georgia Lien Statute is neither barred by the automatic stay nor tolled by 11 U.S.C. § 108(c).

I do not recede from the comments in the order dated March 31, 2003, that, given a clean slate, I would rule otherwise. However, I do not consider Marietta Baptist Tabernacle as leaving that question open. If it is to be revisited, it must be by a higher court. Milton Wood's Motion for Reconsideration is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 21st day of December, 2005.

C: Debtor ATTY STRAIN
Debtor Atty McCALLUM / STONE
Plaintiff WIND DOWN / BRIDGE ASSOC.
Pltf Atty OLACK
Defendant ATTY WHITWORTH
Deft Atty TUCKER / MALONEY
Trustee
U.S. Trustee JAMES

1/12/06
TD

4